PETERS v. CRESCENT FORWARDING & TRANSPORTATION CO.

(October 20, 1930. Opinion and Decree.)

Legier, McEnerny & Waguespack, of New Orleans, attorneys for plaintiff, appellee.

Edward Rightor and William H. Sellers, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff seeks recovery for personal injuries sustained by him and for property damage caused to his automobile when it was run into by a truck belonging to defendant and operated by its servant for its use and benefit.

The truck emerged from a doorway of one of the sheds of the docks which parallel the Mississippi river and crashed into the left side of plaintiff's sedan.

It is charged that the driver of the truck gave no warning of his intention to enter the roadway and that he operated the truck at a dangerous speed.

Defendant's counsel contend that plaintiff's automobile was proceeding along the left side of the roadway, which was the side nearest the sheds from which the truck emerged, and that had it been on the other, or right-hand side, the truck could have entered the roadway, and, by making a sharp turn to its left, could have avoided the oncoming sedan.

It appears, however, that another vehicle, proceeding in the same direction in which plaintiff's car was going, was the cause of its being on the left side of the roadway, and we believe, from the evi-

dence, that it was the intention of plaintiff's chauffeur to pass the other vehicle, which he was justified in doing, since the speed of the other vehicle was moderate.

That the truck emerged suddenly and without warning is evidenced by the testimony of one of defendant's witnesses, the driver of the other truck, which was proceeding along the roadway in front of plaintiff's car. This witness, John Harteman, testified that he had been proceeding along the middle of the road and was compelled to swing suddenly to the right to avoid hitting defendant's truck, when it came out of the doorway.

We are unable to say that the finding of the trial court, which was in favor of plaintiff, was manifestly erroneous. On the contrary, it seems to us to have been correct.

Nor do we find the amount awarded plaintiff excessive. It is conceded that $157.75 is the amount expended for repairs to the automobile. Thus, $142.25 is the award for physical injuries. In view of the fact that a scar resulted and that plaintiff undoubtedly suffered to some extent for a few days, and, bearing in mind that defendant failed to place on the witness stand its physician, who examined plaintiff, we are not inclined to disturb the judgment appealed from.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.