REGAN, Judge.
The plaintiffs, Mr. and Mrs. Leander J. Morel, instituted this suit against the defendants, Franklin Stores Corporation, which operates a woman’s wearing apparel store under the trade name of Rubenstein’s, and Lumbermen’s Mutual Casualty Company, its insurer, endeavoring to recover on behalf of Mr. Morel the sum of $2,230.62 for medical expenses and other losses incurred by him and, on behalf of Mrs. Morel, $10,000 for personal injuries incurred as a result of an accident on April 2, 1954, when she tripped and fell in Rubenstein’s store over a three-quarter inch conduit, which was affixed to the carpeted floor with metal straps, and extended over a narrow passageway from the wall to one end of a U-shaped service counter.
Defendants answered and admitted the occurrence of the accident, the location, size and existence of the conduit, but denied that *43 they wére guilty of any negligence in the premises; and then asserted that the conduit upon which Mrs. Morel tripped, extended over a narrow passageway of the store reserved exclusively for the use of the em-' ployed personnel; in the alternative, the defendants pleaded the contributory negli-' gence of Mrs. Morel.
From a judgment in favor of the defendants dismissing plaintiffs’ suit, they have prosecuted this appeal.
In order to avoid repetitious designation of parties plaintiff and defendant, we shall hereinafter refer to Mrs. Morel as plaintiff and to the Frankin Stores Corporation as defendant.
The facts are relatively simple. On April 2, 1954, plaintiff and her husband attended Loew’s State Theatre and upon emerging therefrom she decided to visit Rubenstein’s store, which was across the street. She requested her husband to return and meet her in front thereof at a designated time. She entered the store, walked to the second floor where a saleslady sold her an article of clothing. ■ Thereafter, she was prevailed upon by one or more salesladies to consider the purchase of some additional apparel. Plaintiff informed the saleslady that the time to meet her husband had arrived, but if she was permitted to use the telephone she might be able to delay the appointment until a later time. At this point a conflict developed in the testimony as to whether plaintiff was invited to use the telephone located behind the U-shaped “counter” or “working area” of the store. In any event; plaintiff approached this section of the floor, entered the narrow passageway, whereupon she tripped and fell to the floor sustaining painful injuries which resulted in this litigation.
An examination of the situs of the accident revealed the existence of a three-quarter inch metal conduit affixed to the carpeted floor with metal straps and extending across the relatively narrow passageway from the wall to one end of the U-shaped “counter” and which serviced an electric cash register located on the top thereof.
Plaintiff contends that (a) she was granted permission to use the telephone located behind the “service counter” and (b) her fall in the store was the result of a hazard created and permitted to exist by the defendant.
Defendant, in opposition thereto, insists that (a) the “cable” did not constitute a hazard; (b) that plaintiff entered a portion of the store reserved exclusively as a “working area” for the personnel thereof, without permission, and (c) that plaintiff was con-tributorily negligent in failing to observe the existence of the cable and thus avoid stumbling thereon.
A fair evaluation of the testimony convinces us that the plaintiff was granted permission to use the telephone located behind the “service counter” and, therefore, the fundamental question posed for our consideration is one of fact and that is whether the location, existence, and size of this conduit created such an unsafe condition or hazard as would render the proprietor of a store liable to a customer injured as set forth hereinabove.
We have been referred to innumerable citations of authority bearing upon the question of the liability of the proprietor of a store for injuries incurred by a customer due to abnormal or defective conditions existing in the floor of the establishment and we have no difficulty in asserting the general rule to be that the law does not make the proprietor of a store an insurer of his customer’s safety, but it does impose upon him the duty to provide a reasonably safe place for his customers to trade with him. A reasonably safe place necessarily implies a clear aisle or passageway through which a customer can walk in safety in pursuing the course of business for which he entered the store, that is, the inspection and purchasing of the goods, wares and merchandise as displayed on the shelves and counters. However, as in most cases, the difficulty arises *44 not in finding the applicable law — but occurs when we endeavor to analyze factually what constitutes a reasonably safe condition and that, of course, is the problem which this case has posed for our consideration.
Judicially we are tending more and more toward an appreciation of the truth that, in the last analysis, there are few rules; there are principally standards and degrees for the reason that no one is so gifted with foresight that he or she can anticipate all possible human events and prescribe the proper rule for each. It is a question of degree whether a person is negligent, that is, guilty of conduct likely to cause harm, as distinguished from freedom of negligence, that is, due care. For example, a man may transport hydrogen bombs for the purpose of protecting the interest and safety of his country, whereas, he would be absolutely reckless in transporting them for his own pleasure. By the same token he may risk his life by entering a flaming building to save a woman and child trapped therein, whereas he would be culpably reckless if he were to enter therein for mere sport or to exemplify his bravado.
The general motoring public is fully cog- ' nizant of the fact that it is gross negligence to operate a motor vehicle at high speeds through a section of the city wherein schools are located, at least, where the motive of the operator is the sheer pleasure of speed. On the other hand, a different evaluation is placed upon the ambulance or fire engine racing through this same section of the city.
We have no intention of drawing ah analogy between the instant case and the foregoing examples, we simply use these to illustrate that “conduct likely to cause harm” as distinguished from “due care” is chiefly a matter of degree.
We have viewed this cable and its environmental characteristics through the medium of three photographs which form part of the record and which respective counsel conceded in oral argument before this court accurately reflect the conditions as they existed on the day of the accident.
Negligence, as we have pointed out hereinabove, is a matter of degree and if this conduit spanned a conventional passageway, such as an aisle in a store, we may have been persuaded that negligence existed on the part of the proprietor in permitting such a condition to exist, however, the narrow area spanned by this three-quarter inch conduit was not a passageway which the general public used, but one reserved almost exclusively[1] for the employed personnel of the store and, therefore, we’ do not believe, under these conditions, that the existence of this conduit rising three-quarters of an inch above the floor level constituted such a hazard as to create that degree of negligence as would render the proprietor liable to a customer who was injured by virtue of the existence thereof.
Assuming arguendo that the cable was a hazard, a view most favorable to plaintiff’s case, we are then of the opinion that even, under these circumstances, plaintiff would not be entitled to recover from the defendant, for the reason that she admitted under cross-examination that if “I would have looked down I would have seen it” and thus avoided stumbling thereon.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
McBRIDE, J., concurring.

. On several other occasions this phone had been used by customers after securing permission from the employees.