REGAN, Judge.
Plaintiff, Phillip W. Granier, the owner and operator of a 1955 Chevrolet automobile, instituted this suit against the defendant, the Indemnity Insurance Company of North America, the liability insurer of Ignatius W. Starkey, the owner and operator of a 1951 Plymouth automobile, endeavoring to recover the sum of $159.94, representing property damage incurred on February 10, 1956, at about 12 o’clock noon in the 3400 block of St. Charles Avenue, when the right front of plaintiff’s vehicle struck the left front side of Starkey’s vehicle as it emerged from the driveway of the H. G. Hill Store parking lot into St. Charles Avenue.
Defendant answered and denied that its insured was guilty of any negligence in the premises and asserted that the proximate cause of the accident was the. negligence of the plaintiff in operating his vehicle at an excessive rate of speed on a wet roadway and in not maintaining a proper lookout and not keeping his vehicle under proper control.
In the alternative the defendant pleaded the contributory negligence of the plaintiff.
From a judgment in favor of plaintiff as prayed for, the defendant has prosecuted this appeal.
The facts are simple and relatively undisputed. The record reveals that the plaintiff was operating his vehicle in the center traffic lane of St. Charles Avenue moving at a speed of between twenty-five and thirty miles per hour in the general direction of what is colloquially designated as uptown New Orleans. When the plaintiff reached a point in St. Charles Avenue approximately two hundred feet beyond Louisiana Avenue, the right front of his vehicle struck the left front side of the Starkey automobile as it was being driven out of the private driveway which serviced the H. G. Hill Store parking lot which is located in St. Charles Avenue between Lousiana Avenue and Delachaise Street. It was misting at the time, and the streets were therefore wet. There were innumerable vehicles parked along the lake or right side curbing of St. Charles Avenue between Louisiana Avenue and the driveway servicing the Hill Store parking lot, which made it difficult to observe traffic in the center lane of St. Charles Avenue until it reached the driveway of the parking lot and likewise difficult for the operator of a vehicle moving uptown in the center lane of St. Charles Avenue to observe cars leaving the driveway of the parking area until the car actually moved beyond the parked vehicles and entered the center traffic lane of St. Charles Avenue.
Starkey, in relating his version of the accident, stated:
“ * * * When I come out to the sidewalk there was cars parked along the curb. It stopped my view. I always wait for the light to change on Louisiana Avenue because I have a better time to get out of the street. That would stop some of the traffic. When it turned caution I released on my brake and being on the incline
*6 I rolled out to the street. I stopped again and I was about turning my wheels around, there was a truck parked on' the other side, on the uptown side of the driveway. I looked and didn’t see nothing coming, I started to go and first thing you know I was hit. I was knocked up into the truck .and where the man come from I don’t know.
“Q. In other words, it’s your testimony you never did see Mr. Granier’s automobile prior to this collision, is that correct? A. That’s correct.”
Mrs. Starkey, who was an occupant of her husband’s vehicle on the day of the accident, testified and substantially confirmed her husband’s testimony. Manuel Loeb also appeared as a witness on behalf of the defendant and related that he was sitting in his automobile which was parked parallel to the right curbing of St. Charles Avenue to the left of the Hill Store driveway, and he was looking in the direction of uptown. He asserted that Starkey’s vehicle was struck when it had moved about the length of its hood beyond the parked vehicles and into St. Charles Avenue ; however, he did not observe plaintiff’s vehicle at any time prior to the collision. In all other respects he substantially corroborated the testimony of Starkey.
Plaintiff testified that prior to the accident he was operating his vehicle in the center traffic lane of St. Charles Avenue moving at a speed of between twenty-five and thirty miles per hour and that when he first noticed the Starkey vehicle move from the driveway servicing the Hill Store parking area and into St. Charles Avenue he was about thirty feet removed from him. He immediately applied his brakes and skidded about thirty feet before he struck Starkey’s vehicle. He further asserted that he was not able to see the Starkey vehicle as it left the driveway of the park.ing lot and moved into St. Charles Avenue because automobiles which were parked parallel to the curb on his right from Louisiana Avenue to the driveway servicing the parking lot obstructed his vision.
Each of the litigants, as usual, contends that the negligence of the other was the proximate cause of the accident.
It is our opinion that the focal point of the case may be resolved by an answer to the question which the foregoing facts have posed for our consideration, and that is upon which of the two operators of the vehicles involved in the accident was the greater degree of care and vigilance imposed.
In a relatively recent case[1] we commented that judicially we are tending more and more toward an appreciation of the truth that, in the last analysis, there are few rules in tort cases that permit of universal application; there are principally standards and degrees for the reason that no one is so gifted with foresight that he or she can anticipate the ramifications of all possible human events and prescribe in advance of their occurrence the proper rule for each. It is a question of degree whether a person is negligent, that is, guilty of conduct likely to cause harm as distinguished from freedom from negligence, that is, due care.
Fortunately, in this case the burden of precisely evaluating the degree or standard of care which each litigant was required to exercise under the facts enumerated above has to a great extent been alleviated by virtue of legislative intervention, which has pronounced that:
“The driver of a vehicle entering a public highway from a private road or entering a private road from a public highway shall yield the right of way to all vehicles approaching on the public highway and to all pedestrians properly walking thereon.” [2]
*7 Of course, the rationale of the foregoing statute may not he interpreted to mean that motorist may, in the face of imminent danger, simply rely upon the right of way accorded him by law and recklessly drive in the roadway with complete abandonment of all caution, but it does mean that a motorist who in the exercise of ordinary care is driving in a public roadway should not he held to the same standard or degree of care and vigilance as if no such expression of the legislative intent existed. He has the right therefore to assume, unless danger can he reasonably anticipated or is otherwise imminent, that the promulgated law relating to this rule of the road is understood and will be observed, and he is not required to search in anticipation for other motorists who may in violation thereof enter any portion of the public roadway from a private road or driveway without being relatively certain that it is safe to do so. Starkey, when the accident occurred, was endeavoring to enter a public roadway from a private driveway. He stated that his vision was obscured by other parked vehicles, and therefore he did not yield the right of way in conformity with the mandatory language of the statute to plaintiff’s vehicle which was approaching him from his left in a public roadway. Plaintiff likewise was not aware of the presence of Starkey’s vehicle, because his vision was also obscured by the vehicles parked parallel to the lake side curbing of St. Charles Avenue between Louisiana Avenue and Delachaise Street.
As a result of Starkey’s failure to do what the law required, that is, yield, the collision occurred; and therefore liability must be borne by the insurer of Starkey’s vehicle since the proximate cause of the collision was Starkey’s failure to exercise that standard or degree of care which was exacted by the statute.
A careful analysis of plaintiff’s actions prior to the collision reveals no evidence of contributory negligence. Despite the wet roadway, his speed was moderate, and he did everything that he could be reasonably expected to do under the circumstances to avoid the accident. He had no reason to anticipate, nor was he forewarned, that Starkey would violate the mandatory admonition of the positive law.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Morel v. Franklin Stores Corp., La.App. 1957, 91 So.2d 42.

. LSA-R.S. § 32:237 (E) (1950).