TATE, Judge.
This is a tort suit. Plaintiff Mire and his collision insurer as subrogee were awarded judgment for $295.55 damages sustained by Mire’s car. The defendant Thomas appeals.
The scene of the accident in question, which occurred after dark on June 7th of last year, was along U. S. Highway 90 just west of the city of Lafayette. The southern lane of this much-travelled highway is used by eastbound traffic, and its other lane by westbound vehicles.
Before the accident, the automobile of a Mrs. Hebert had stalled on a service station premises bordering the southern side of Highway 90. In order to start this automobile, plaintiff Mire pushed it with his own vehicle for about 35 feet towards the highway. He stopped about 3 feet behind Mrs. Hebert’s car as its motor caught and it edged into the highway. Mrs. Hebert’s vehicle was struck almost simultaneously with its entry into the southern lane of Highway 90 — the point of impact was 2-3 feet from the southern edge of the concrete — by defendant Thomas’ westbound car. The Hebert vehicle rebounded from the impact into Mire’s car in back of it, *894 causing the damage to it for which recovery is sought.
Defendant Thomas’ vehicle was at the time of the impact in its left lane, in the act of passing a preceding westbound vehicle. The trial court found that “the defendant was drunk, operating his car in an imprudent manner and at an excessive rate of speed under the prevailing circumstances” and cast him for the damages caused to Mire’s car.
It is conceded by defendant that Mire, who had stopped pushing Mrs. Hebert’s automobile upon its starting and upon his own observation that Thomas was in the south lane passing another car, was free of any negligence contributing to the accident. Defendant Thomas’ sole contention, and one that we must sustain under the present record, is that even conceding his negligence in the respects found, such negligence was not a proximate cause of the accident; and Thomas therefore is not liable for the damages sustained by plaintiffs as a result of the accident. Ardoin v. Williams, La.App. 2 Cir., 108 So.2d 817, 819; August v. Delta Fire & Cas. Co., La.App. 1 Cir., 79 So.2d 114; Russo v. Aucoin, La.App. 1 Cir., 7 So.2d 744.
There is no contention and no evidence that the act of defendant Thomas in passing the preceding vehicle was unlawful or imprudent at the time and the place of the accident. A motorist on the left side of a public highway in the act of lawfully passing preceding traffic is not liable for injuries resulting when from a private driveway another vehicle suddenly enters the highway in his immediate path. Peters v. Crescent Forwarding & Transportation Co., 14 La.App. 573, 130 So. 367; cf., Martin v. American Heating & Plumbing Co., La.App.Orleans, 52 So.2d 93. Whether Thomas was sober or intoxicated, and whether he was speeding or proceeding at a lawful rate, he could not have avoided the accident caused when the Hebert vehicle suddenly entered Highway 90 from the service station driveway as he was lawfully passing other westbound traffic.
Thus, there being no evidence that the damages sustained resulted from any breach of a legal duty by the defendant, the judgment in favor of the plaintiffs must be reversed and their suit dismissed.
Reversed.