FREDERICK S. ELLIS, Judge.
Alice Weaver and Central National Insurance Company, her insurer and subrogee, bring this action for the recovery of $269.14, for property damages suffered by her as the result of a collision in which her automobile was involved.
The accident happened on December 29, 1959 at 11:45 A.M. The Weaver car was being driven by her son, Willie Brinston. Brinston’s testimony is to the effect that he Was driving down North Galvez Street in the City of New Orleans, at a rate of speed of about thirty (30) miles per hour. As he was approaching Lapey-rouse Street, he testified that an automobile owned and driven by Albert J. Vagas backed out into the street immediately in front of him. He further testified that he was unable to stop in time and so he turned to the left in an effort to avoid striking Vagas. He did miss the rear of the Vagas car, but was unable to clear the left front end, and struck it at that point. After the initial collision, Brinston also hit another car which was parked on the left side of North Galvez Street.
According to Vagas, he had backed out of a driveway to the edge of North Galvez Street and was forced to stop there by oncoming traffic. When the traffic had cleared, there being no oncoming vehicles within 275 feet, Vagas backed into the street and began to pull ahead. However, he testified that he was unable to do so because of a bus which had stopped at the corner of North Galvez and Lapeyrouse Streets. He stated that he saw Brinston approaching in his rear view mirror, at a rate of speed of some thirty (30) to thirty-five (35) miles per hour. In his rear view mirror, Vagas stated, he could see Brinston trying to apply his brakes and struggling with the wheel. The observant Mr. Vagas also noticed that both Brinston and his passenger were nervous. He stated that Brinston tried to pass to the left, but that there was not enough room for him to clear *397 the front end of the Vagas car, which he struck.
No other witnesses testified as to the circumstances surrounding the accident. There was some testimony by Vagas to the effect that the brakes on the Weaver car were not working, but this was not proven.
The trial judge ruled that Brinston was negligent in that he saw the car backing out and believed that it would pull ahead so that there would be no necessity for him (Brinston) to slow down. He found that Brinston did not have his car under control when he first saw Vagas. However, he made no finding as to the negligence of the defendant, basing his finding solely on the negligence of the “plaintiff.” Since Willie Brinston is not a party to this suit, it can only be assumed that the trial judge found that the negligence of Brinston was imputable to his mother.
In the petition it is alleged that Alice Weaver is a “femme sole.” In the answer, it is alleged that Willie Brinston is a minor, sixteen years of age, residing under the same roof with his mother; that he was on a “community mission” at the time of the accident and was therefore acting as the agent of his mother; and that his negligence would be imputable to her.
Under Article 2318 of the LSA-Civil Code, a mother is responsible for the torts of her child only in the case of the death of the father. In the absence of a showing of the death of Willie Brinston’s father, no negligence could be imputed to Alice Weaver because of the mother-son relationship which existed in this case.
It is also claimed that an agency relationship existed between Brinston and his mother. Counsel for appellee stated that she was actually a passenger in the car at the time of the accident, but the testimony does not bear this out. Alice Weaver was placed on the stand, and neither counsel interrogated her about the accident. She was asked if there were any passengers in the car that she knew about, and she testified that there was one, but that he was unable to attend court because of the illness of his child.
The following testimony, elicited from Willie Brinston on cross examination is also relevant.
"‘Q. — From where were you coming when this accident occurred ?
“A. — My friend and I brought him over to the doctor.
“Q. — And where were you going?
“A. — Home.
“Q. — -You brought them over to the doctor at your mother’s request and you were returning to your home?
“A. — Yes, sir.”
Apparently, Willie Brinston had taken someone to the doctor at the request of bis mother. If this is true, and his testimony stands uncontroverted, it would establish a clear agency relationship between Willie Brinston and Alice Weaver. If Willie had borrowed the car, the situation would be different, but where he is acting at his mother’s request, she cannot escape the responsibility for his actions.
We find that there is no manifest error in the conclusion reached by the trial court as to the negligence of Willie Brinston. We find that the negligence of Willie Brinston is imputable to Alice Weaver because of an agency relationship which existed between them.
The judgment appealed from is affirmed.
Affirmed.