TATE, Judge.
This suit arises from a collision between automobiles driven by Mrs. Hannon Fuqua and by Mrs. Edison Cheek. Mrs. Fuqua and her husband sue Mr. and Mrs. Cheek to recover for damages resulting from the accident. The Fuquas appeal from the dismissal of their suit.
The accident occurred when the defendant Mrs. Cheek backed her automobile from a parking lot out onto a highway upon which the plaintiff Mrs. Fuqua was approaching. The central issue, as we view it, is one of fact: After Mrs. Fuqua could reasonably have observed Mrs. Cheek backing onto the highway into her path, did Mrs. Fuqua have a reasonable opportunity to avoid the accident by appropriate evasive action ?
The highway upon which Mrs. Fuqua was approaching was blacktopped and rather narrow, sixteen feet in width, with no lane-markings. Mrs. Fuqua’s vehicle was approaching in the middle of the roadway, at *603 least 2-3 feet over the imaginary center-line. She was proceeding eastward at a reasonable speed of 20-25 mph.
In the meantime, the defendant Mrs. Cheek’s automobile was parked in a school parking lot north of the highway. She backed southerly into the westbound (or north) lane of the highway. She testified that she then stopped in the westbound lane (which she could observe to her right as she backed), with the intention of observing to her left rear for traffic approaching in the eastbound (south) lane before backing into it. At the time, as the physical facts prove, her car was at an angle, with the right rear wheel on the pavement and left rear wheel on the gravelled shoulder. Almost at once ■after she stopped, she testified, the right rear of her vehicle was struck by the left front of Mrs. Fuqua’s automobile.
The physical evidence and the preponderance of the testimony proves, as the trial court held, that Mrs. Fuqua, proceeding .eastward, struck Mrs. Cheek’s vehicle while it was still in the westbound lane. At the time of impact, Mrs. Cheek’s vehicle had not crossed the imaginary center-line over into the earfbound lane in which Mrs. Fu-qua, proceeding eastward, should normally have been driving. See the Highway Regulatory Act, LSA-R.S. 32:71, subd. A: “Upon all roadways of sufficient width a vehicle shall be driven upon the right half -of the roadway * *
The trial court held that Mrs. Fuqua’s negligence in driving on the wrong side of the road was a contributing cause of the accident barring recovery on her behalf, citing Watson v. General Accident, Fire & Life Assur. Corp., La.App. 1 Cir., 91 So.2d 84, 85.
The appellants’ counsel argues most ably that, if, as Mrs. Fuqua testified, the other motorist backed out suddenly into her path at a time when she was unable to avoid the accident, her driving in the center of the narrow semi-rural roadway was not a proximate cause of the accident: that is, Mrs. Fuqua was not required to anticipate the gross negligence of a motorist backing from a private driveway without lookout or stopping or yielding the right of way to vehicles approaching on the highway. See LSA-R.S. 32:124; State Farm Mut. Auto. Ins. Co. v. C. & C. Oil Field Servicing Co., La.App. 2 Cir., 168 So.2d 918; Roy v. United Gas Corp., La.App. 3 Cir., 163 So.2d 587; Granier v. Indemnity Insurance Co., La.App.Orl., 101 So.2d 4.
However — assuming that under the facts the defendant Mrs. Cheek was negligent in backing onto the highway even as to a driver some distance away in the left-hand lane, cf. Roy v. United Gas Corp., La.App. 3 Cir., 163 So.2d 587, and also assuming, most favorably to the appellants’ contention, that the plaintiff Mrs. Fuqua’s driving on the left-hand side of the road was not necessarily causal negligence, Mire v. Thomas, La.App. 1 Cir., 116 So.2d 893; Allen v. Louisiana Creamery, La.App. 1 Cir., 184 So. 395; 1 Blashfield, Cyclopedia of Automobile Law Section 637 (1948 volume) — , the plaintiffs’ recovery is nevertheless barred because the facts show that the plaintiff Mrs. Fuqua observed Mrs. Cheek backing into the intersection at a time when Mrs. Fuqua could have avoided the accident by simply returning back to her own proper lane of the highway.
Mrs. Cheek testified positively that she had backed slowly and had stopped in the north lane of the traffic in order first to observe for eastbound traffic approaching in the south lane. On the other hand, while at several places Mrs. Fuqua did contradict such testimony by stating that the other motorist shot out, she also testified at several places that she saw Mrs. Cheek backing but kept on coming without slackening her speed on the assumption that this other motorist would stop before entering the highway. Tr. 115, 124, 134, 151. Mrs. Fuqua’s failure to slacken her speed or to veer rightward is partially explainable by her conviction that she was proceeding on her own side of the roadway, Tr. 135, rather than encroaching about three feet into the other lane, as the physical facts of the im *604 pact prove. Mrs. Fuqua also stated that she first observed Mrs. Cheek backing when the former lady was about four car-lengths (at a sign 65 feet west) from the point of the impact.
In evaluating the accuracy of the opposing versions of the accident, the trial court held that the evidence does not prove that Mrs. Cheek backed fast or shot out into the road, and we find no error in this factual and credibility evaluation.
Under the above facts, therefore, the plaintiffs’ recovery is barred by Mrs. Fu-qua’s negligence in continuing to approach on the wrong side of the roadway after she observed the other motorist backing into it, when after such observation Mrs. Fuqua could reasonably have avoided the accident by at the least returning to her proper lane of traffic. Clingman v. Millerville Mud Sales, Inc., La.App. 3 Cir., 146 So.2d 240; Central National Insurance Co. v. Vagas, La.App. 4 Cir., 144 So.2d 395; Kirkland v. Danna, La.App. 1 Cir., 143 So.2d 137.
For the foregoing reasons, we affirm the District Court judgment dismissing the plaintiffs’ suit.
Affirmed.