(86 South. 651)

No. 23962.

HAHN et al. v. P. GRAHAM & CO., Inc.

(Nov. 3, 1920.    Rehearing Denied Nov. 29, 1920.)

(Syllabus by Editorial Staff.)

Municipal corporations ⬡➡706(5)—Negligence by driver of automobile truck, which injured four year old boy, not established.

Evidence that a four year old boy was injured by running into the left-hand front wheel of defendant's auto truck, when it was being backed, and while the chauffeur was looking backward over his right-hand shoulder, in order to secure a better view of the street on which he was backing, does not establish defendant's negligence.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Christian Hahn and another against P. Graham & Co., Incorporated. Judgment for plaintiffs, and defendant appeals. Judgment appealed from annulled, and judgment dismissing the suit.

Arthur A. Moreno, of New Orleans, for appellant.

Julius Howard Wiener, of New Orleans (Woodville & Woodville, of New Orleans, of counsel), for appellees.

SOMMERVILLE, J.  Plaintiffs are the parents of their little boy Melkin, aged four years, who was seriously injured by running into the wheel of a moving auto truck in Dante street, in the city of New Orleans, on or about May 20, 1919. They allege gross and criminal carelessness and negligence on the part of the negro chauffeur of the defendant company, who had charge of the auto truck at the time of the accident. There was a judgment in favor of plaintiffs for $1,500, and defendant has appealed. Plaintiffs have answered the appeal, and ask that the judgment be increased to $16,000, the amount originally claimed by them.

There was but one witness to the accident. She was a woman who lived in the neighborhood where the accident occurred, and she testified that when she opened her front door she saw a little boy jumping across the open ditch, and that he ran into the front wheel of the truck. She further says that the chauffeur was not looking in the direction of the child.

The negro chauffeur, in charge of the truck, testified that he was attempting to deliver some groceries at the corner of Dante and Green streets; but that because of the bad condition of Dante street, which was unpaved he became stalled, and that he was forced to back his truck to the street behind him, to go around to the corner of Dante and Green streets. He says that while in the discharge of this duty, slowly backing his truck in Dante street, he was constantly looking over his right shoulder, because it gave him a larger and clearer view of Dante street, than if he had looked over his left shoulder. He says that he did not see the child at any time, even after the accident, until some one came and told him about it.

There is no testimony in the record tending to show any negligence on the part of the driver of this truck. The court cannot hold that it was negligence on the part of the driver to look over his right shoulder, rather than over his left shoulder. On the contrary, in looking over his right shoulder, he did that which any reasonable or prudent man would have done to have avoided an accident. It cannot, either, be said to be criminal negligence to back an auto truck in the streets of a city.

Of course, extra precautions should be tak-

en by the driver at such times; and we think that the driver of the truck in question took these precautions, when he constantly looked in the direction in which he was going, and when he commanded a better view of the street in his rear than if he had looked in any other direction.

If he had seen the child at any time before the accident, it might be held that it was a duty to have kept the child in view, so as to have avoided a possible accident. Neither he, nor any one else, is shown to have seen the child until he was in the act of jumping the ditch alongside of the truck. It is impossible for the court to say where the child came from, or how long it had been on the sidewalk before the accident.

The claim for damages is made under the law which provides that there must be fault, or negligence, on the part of him from whom damages is claimed. It therefore follows that the plaintiffs in this case must show that the damage was caused by some fault on the part of the driver of the truck, and that they have failed to do.

The judgment appealed from is annulled, avoided, and reversed; and there is now judgment for defendant, dismissing the suit, at plaintiff's cost.