ELLIS, Judge.
Plaintiff, Ella Wright, brought this proceeding in which she alleged personal injuries were sustained in a collision between a bicycle she was riding and an automobile owned by Mr. Emele Goudeau, operated at the time by his wife, Mrs. Eliska L. Goudeau. The automobile was insured against public» liability and property damage, and Mrs. Goudeau and the insurer were made parties defendant. Plaintiff claimed the accident was caused solely through the negligence of Mrs. Goudeau, which the defendants deny, pleading in the alternative contributory negligence upon the part of Ella Wright.
The amount sought to be recovered was $4094.92. The District Court rendered judgment in favor of the plaintiff for $1200, plus $94.92 coveidng medical expenses.
From this judgment defendants appealed suspensively, and plaintiff answered, seeking an increase of damages awarded to the amount prayed for.
Mrs. Goudeau was backing a car out of a private garage onto Spain Street, in the City of Baton Rouge, and the plaintiff was traveling near the right curb of the Street upon a bicycle, when the two vehicles collided resulting in plaintiff’s injuries. It was the intention of Mrs. Goudeau to back her car out of the garage, stop and close the doors thereof, re-enter the vehicle, back it out into the Street and proceed upon her way. The garage is adjacent to a sidewalk, and between the side-walk, which is as wide as the usual city side-walk, and Spain Street there is a neutral ground approximately as wide as the side-walk, which neutral ground is lined with camphor trees. The car was not backed out at great speed, ■ nor did the driver intend for it to protrude far into Spain Street. The evidence discloses the collision occurred while the back part of the automobile was protruding into Spain Street at least a short distance. Plaintiff was approaching from a westerly direction, and the camphor trees along the neutral ground would obscure her vision. Mrs. Goudeau did not stop her car prior to entering the Street proper, although she emerged only a small distance upon it, nor did she sound her horn, nor make observation as to traffic from a westerly direction.
Article VI, Section 35 of the Ordinances of the City of Baton Rouge, regulating traffic, provide: “The driver of any vehicle emerging from an alley or driveway or building shall stop such vehicle immediately prior to driving on or over a side-walk or into any street to see that such side-walk or street may be crossed or entered in safety.”
In Honeycutt v. Carver, La.App., 25 So.2d 99, 101, this Court stated: “It is the *769 •duty of a person backing put of a private driveway into a public highway to exercise great care, and ascertain if traffic is approaching from either direction.”
Strehle v. Giaise, La.App., 46 So.2d 685, states: “An automobile operator who.desires to drive from a private driveway onto a thoroughfare must be extremely careful to make certain that it is safe to do so, and if the automobile is being backed out onto the (highway, operator must be even more careful.”
Mrs. Goudeau, while she did not feel or hear the impact of the collision, became aware that something was wrong when she heard the plaintiff screaming. She got out of her car to see what had happened, and found the plaintiff a short distance behind the right rear wheel. Her testimony is positive, and the trial Judge concluded that the automatic backing lights were lit while Mrs. Goudeau was backing out of the garage, and there is no doubt they cast a beam onto the street which would be visible for quite some distance to anyone approaching. Further, the construction of these backing lights include a side apperture, which is visible from either side of the vehicle for at least a distance of 30 or 40 feet.
However, even though the backing lights were in good working order and Mrs. Goud-eau was proceeding slowly, intending to stop and close the doors of the garage, yet under the strict duty imposed by tfu? Ordinance and the authorities cited, it would seem under the circumstances, since her vision was obscured by the line of camphor trees, she was negligent in entering upon the street without proper precaution. This is true particularly since by her own testimony she admits she could not have seen if anything was approaching from a westerly direction even though she had looked.
The trial court in its written reasons for judgment concluded: “Frankly, upon the trial of this case it was my thought that if Mrs. Goudeau were negligent, then plaintiff would be held guilty of contributory negligence for not having observed defendant and voided the collision. However, after reviewing the testimony visiting the scene of the accident,' ascertaining the high degree of care placed on a person backing a car from a private garage into the street * * *, it is my opinion that the sole proximate cause of this accident was the negligence of Mrs. Goudeau.”
With this conclusion we agree, since we do not find the plaintiff was guilty of any contributory negligence. Although plaintiff’s bicycle was equipped with a light which she, herself, testified! would allow her to see a distance along her path of 30 to 40 feet, the trial court concluded this light was not burning upon the night of the accident. However, we agree with the trial court that it would have made no difference whether the light was burning or not since Mrs. Goudeau did not make any observation of traffic in the direction from which plaintiff was coming. Too, the ob^ struction of the camphor trees lining the neutral ground along Spain Street would have obstructed the view of plaintiff as well ■as that of Mrs. Goudeau. If Mrs. Goudeau ■could not see toward the direction of the plaintiff it is equally true plaintiff could not have seen Mrs. Goudeau’s automobile unless it be said she should and could have observed the backing lights of the automobile. Mrs. Goudeau testified she did not know there had been a collision until she heard the plaintiff screaming. The plaintiff testified Mrs. Goudeau backed suddenly into her. It is to be noted from the photographs offered in evidence, which show the true picture insofar as the relation of the drive-way to the garage from which the car was backing, and the Street, that there is an incline from the drive-way to the street, and since the only eye witnesses were Mrs. Goudeau and the plaintiff, the latter’s testimony, being uncontradicted, must be taken as true that she was struck suddenly by the backing vehicle.
The trial court visited the scene of the aocident, and upon the consideration of the high degree of care placed upon a person backing a car from a private driveway into ■a street, changed his first conclusion, as shown by the quotation from the written reasons of judgment hereinabove, and concluded the plaintiff was guilty of no con tributory negligence.
*770 This conclusion was based upon the rules set forth in Levy v. White, La.App., 5 So.2d 28, and Honeycutt v. Carver, supra.
In the Levy case the Court had to deal with a situation where a pedestrian was struck by an automobile backing from a private driveway, but the rule as to the degree of care is applicable also to a vehicle proceeding down a street, which is struck by a backing car. The Court stated [5 So.2d 31]:
“In the particular case before us, the record discloses that as plaintiff approached the private driveway, his vision was undoubtedly obscured. There is nothing to show that plaintiff should have anticipated, at that moment, that a car would emerge from this driveway. On the other hand, defendant’s daughter should have foreseen or anticipated that persons might be passing on the sidewalk. She should have assured herself that the path behind her was clear, sounding her horn, repeatedly if necessary, as a warning of the approaching automobile. She was bound to know that pedestrians were likely to be present on the sidewalk, and this demanded extraordinary precaution and prudence, especially in view of the prevailing darkness and the presence of the hedge, which obscured her vision.
“Having given neither warning nor signal of her approach, and having made no other effort than that of glancing toward her left, irrespective of the fact that she testifies to not having seen plaintiff, defendant’s daughter was guilty of negligence. Her conduct was a violation of a palpable duty which the law enjoined upon her; that is to say, to exercise her rights in such manner as not to unreasonably and unnecessarily imperil the safety of others in the exercise of their rights.
“The alleged negligence of plaintiff is not suppoi'ted by the record. It is shown that he exercised the care and caution required of persons using sidewalks, with the right of assuming that drivers of cars emerging from private premises would take the necessary extra- precautions required by law.”
Considering the burden of proof is upon the defendants to support their plea of contributory negligence, and that the record does not disclose wherein they have met this burden, we agree with the trial court that the negligence of Mrs. Goudeau was the sole proximate cause of the accident.
Under the rule expressed in the pertinent cases the plaintiff had the right to assume drivers of vehicles backing into public thoroughfares from private premises would take the necessary extra precautions required by law. Mrs. Goudeau took absolutely no precautions, and the defendants rely, to substantiate their plea of contributory negligence, upon only the one fact that the backing lights of the automobile were seen or should have been seen by the plaintiff. Conceded these lights were burning, the evidence is insufficient to show she could or should have seen them.
We agree with the trial judge in his findings as to the nature and extent of plaintiff’s injuries and the amount of damages awarded therefor as stated in his written reasons as follows:
“As a result of the accident plaintiff sustained an injury to her right knee consisting of a strain on the medial collateral ligament which caused the development of a calcification over the medial side of the knee joint technically known as Pelligrini-Strieda. She was treated for this injury by Dr. Bannerman who discharged her six months after the accident as being ‘normally capable of carrying on her work as a domestic.’ She performed her work during this period though somewhat hampered in her activity. Her employers, Judge and Mrs. Favrot paid her wages during the entire period.
“In my opinion an award to her for her damages in the amount of $1294.92 itemized as $94.92 for medical and incidental expenses and $1200 for pain and permanent damage to her knee is proper.
It is therefore ordered that the judgment of the District Court be affirmed.