REGAN, Judge.
The plaintiff, Mrs. Rhea Neff Gately, a pedestrian, instituted this suit against the defendants, Don Sibley, the owner and operator of a Chevrolet automobile and his liability insurer, the Texas Mutual Insurance Company, endeavoring to recover the sum of $5,000 for personal injuries incurred by her as a result of being struck and knocked to the ground by the reverse move *704 ment of the principal defendant’s automobile, during the course of her attempt to walk across Iberville Street between Royal and Bourbon Streets, in the City of New Orleans, on December 19, 1952, at about 3:00 p. m.
The suit as it related to the Texas Mutual Insurance Company was abandoned and the remaining defendant answered and admitted the occurrence of the accident, but denied that he was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of the plaintiff.
From a judgment in favor of the plaintiff in the amount of $1,500, the defendant has prosecuted this appeal.
Plaintiff .related that on December 19, 1952, at about 3:00 p. m., she finished shopping in Solari’s Grocery, which occupies the corner of Royal and Iberville Streets; she then departed through the Iberville Street exit thereof carrying bags of groceries in her arms which she intended to deposit in her automobile parked on the opposite side of Iberville Street in Eglin’s Garage; before leaving the sidewalk adjacent to Solari’s, plaintiff noticed that the street was devoid of moving traffic but that “several cars were lined up” awaiting entrance to the garage, the first of which was defendant’s; it was parked on a forty-five degree angle with its front wheels on, the garage’s sidewalk' and driveway; about •eight feet in the rear thereof another vehicle was parked also awaiting entrance therein; plaintiff decided to walk through this space and around the rear of defendant’s car and when she had reached the right rear side thereof, the defendant sud- ■ denly and without the manifestation' of any warning whatsoever, set his vehicle into reverse motion causing her to be knocked to the ground resulting in the injuries which formulate the subject matter of this suit.
Mrs. Charles Bergeron, employed as a cashier at Eglin’s Garage, appeared on behalf of the plaintiff and related that prior to the accident (from her position in the “cashier’s cage”) she watched the plaintiff walk across Iberville Street carrying bags of groceries in her arms and she had practically completed the crossing thereof when she was struck by the sudden reverse movement of defendant’s car.
Alan Ross, the garage manager, also appeared on behalf of the plaintiff and related that while he did not see the accident occur, he did observe Mrs. Gately lying on the garage side of Iberville Street, three or four feet removed from the sidewalk and that the defendant’s car was parked straddling the driveway.
Defendant, on the other hand, in his endeavor to exculpate himself from negligence, related that he had driven his car at an angle upon the sidewalk and driveway of Eglin’s Garage to await parking facilities therein; upon being informed by the attendant that the garage had reached its capacity, he prepared to back out of this position and seek other parking accommodations. However, before engaging in this maneuver, he stated that he first turned around, looked to the rear of his car and saw the plaintiff crossing the street, he blew his horn and then looked again, but this time into the rear view mirror where he observed that she was now on his side of Iberville Street near the back of his car; he anticipated that she would stop and await the reverse passage of his vehicle; it was under these circumstances that he then set 'his car into motion-apid unfortunately the left rear side thereof inadvertently struck the plaintiff.
Defendant was accompanied by two friends, both of whom were seated in the front seat of his automobile when the accident occurred, namely, James Hagan, Jr., and George Waguespack. They both appeared as witnesses on behalf of the defendant.
Hagan confirmed the testimony of the defendant in all of its essential aspects, while Waguespack testified that he did not see the plaintiff before the defendant’s vehicle struck her, but he did know that the car moved about six or eight feet before it came in contact with the body of plaintiff.
*705 We have carefully evaluated the actions of the plaintiff in traversing Iberville Street. It is conceded that she was “jay walking”; despite this concession we find no causal connection between this indiscretion and the accident; we also believe that she was free of any other negligence, which would be considered the proximate cause of the accident. The plaintiff testified that she observed the position in which the defendant’s car was parked in Iberville Street and that there was considerable space existing between it and the vehicle parked in the rear thereof, which she believed afforded her a safe passageway to the sidewalk and Eglin’s garage; there was no manifestation of a warning or other indication or reason for her to anticipate that the defendant would suddenly place his vehicle in reverse motion and strike her as she reached a point in the rear of the defendant’s car.
In view of the foregoing conclusion the only remaining question posed for our consideration is one of fact and that is whether the defendant’s negligence was the proximate 'cause of the accident.
The trial judge obviously resolved the answer to this question in the affirmative and our careful examination of the record fails to reveal any factual or legal error in his conclusion.
 We remarked in the relatively recent case of Robichaux v. Toye Bros. Yellow Cab Co., La.App.1952, 61 So.2d 264, 265, that it is “an imperative legal and moral obligation imposed upon the operator of a motor vehicle, particularly when reversing the movement thereof, to do so slowly and to ascertain that there is no pedestrian or vehicle situated in the rear thereof” and in Neyrey v. Maillet, La.App.1945, 21 So.2d 158, 164, the organ of the Court wrote that “it is, of course, not negligence to back a car. * * * However, a motorist is charged with the duty of exercising ordinary c-are to see that the maneuver will not injure the persons or property of others. By ordinary care, we mean the degree of caution which would be observed by reasonably prudent persons under similar conditions.” In the instant case the record reflects the very evident fact that the defendant was fully aware of the precarious or perilous presence of the plaintiff, and after watching her approach the rear of his vehicle, he failed to keep her under close observation until such time as he knew that she had cleared the rear path of his vehicle before starting the reverse motion thereof.
In view of the foregoing findings of fact both by the trial and this court, even if we concede arguendo that the plaintiff was contributorily negligent, a view which defendant believes to be most favorable to his case, we then are of the opinion that the defendant possessed the last clear chance to avoid injuring the plaintiff. The evidence reflects that the defendant was fully cognizant of plaintiff’s perilous presence to the rear of his vehicle and if he had exercised that .degree of .caution commensurate with the existing circumstances the accident would not have occurred.
Plaintiff, a woman of about fifty-two years of age, incurred injuries to her left leg and right side. In consequence thereof she was subsequently confined for several days in the Foundation Hospital and in Baptist Hospital. An elastic stocking was prescribed for her leg which she was still wearing at the time of the trial, thirteen months .after the accident. She also was required to engage in prescribed exercises two and one half hours per day at her home and had to soak her right foot alternatively in hot and cold water thirty minutes each day. She incurred approximately $400 of hospital and medical expenses. 1 The trial court, after considering the limited financial ability of the defendant to respond in damages, awarded-plaintiff the sum of $1,500. Plaintiff obviously acquiesced therein since she failed to answer the appeal, therefore, the question of increasing the quantum is not one posed for our consideration.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.