JANVIER, Judge.
On the afternoon of July 24, 1958, on Bayou Road near the corner of North Derbigny Street, in New Orleans, an automobile owned by Lillian Bradley and driven by August J. Nagim, who had borrowed the car and was operating it in his own interests, sustained damage when its rear end and the front end of a motor truck of Pelican Ice Company came into contact.
The truck was being operated by Charles H. Roby in the course of his employment by the Ice Company and the Company had secured liability insurance from New Amsterdam Casualty Company.
Alleging that the accident had been caused by negligence of the driver of the truck and that the repair of the damage had or would cost $410, Lillian Bradley, the owner of the damaged car brought this suit against the New Amsterdam Casualty Company, praying for judgment for that amount.
Plaintiff alleged that the said driver of the truck had been at fault in “failing to keep a proper lookout or to have his vehicle under control.”
Defendant denied that there had. been any fault on the part of Roby, and averred that the accident had resulted from negligence of Nagim in various particulars especially in that he, after turning from Bayou Road into N. Derbigny Street, had found the street blocked by a concrete truck and another vehicle on the other side of the street, and had then reversed his car and suddenly backed into Bayou Road in an effort to continue along that street in the direction in which he had originally been going and in doing so emerged into Bayou Road in reverse and directly in front of the oncoming truck when the latter was so near that it could not be stopped or swerved to either side.
In a supplemental answer, and, in the alternative, defendant averred that the plaintiff had been contributorily negligent in permitting Nagim to operate her car when she knew that “Nagim was incapable of operating such vehicle with reasonable safety upon the said streets,” and that the said Nagim was then and there “under the influence of narcotic drugs and that the influence of the said drugs upon the said Nagim rendered him incapable of driving safely.”
There was judgment dismissing her suit and plaintiff has appealed.
The record leaves not the slightest doubt that the sole cause of the accident was negligence of Nagim.
The two vehicles had been operating on Bayou Road in the same direction, the car of plaintiff being an undisclosed distance in front of the truck of the Ice Company. When Nagim reached the corner of N. Derbigny, he attempted to enter that street and had completed, or at least practically completed, the turn when he saw that that street was blocked by a concrete truck on one side and another car on the other. Thus confronted he reversed his car and backed into Bayou Road turning so that he might face in the direction into which he had been originally going.
The Ice Company truck was approaching and had reached a point so near to N. Derbigny Street that when the car driven *800 by Nagim re-entered that street, the vehicles were so close together that Roby could neither bring his truck to a stop nor swerve to avoid it. The truck struck the car of plaintiff, and then struck another car alongside.
Whether the car of plaintiff had stopped or was still moving backwards is not made clear. It makes no difference as in either case its -backward movement directly into the path of the truck was the sole cause of the accident. There is nothing whatever to indicate that the truck was being operated at an improper speed or that the driver was not on the alert.
There is here no similarity to those cases in which a vehicle in the rear strikes a vehicle ahead and in many of which it has been held that the operator of the vehicle in the rear was at fault.
The judgment appealed from is affirmed at the cost of plaintiff.
Affirmed.