136 So.2d 711 (1961)
Willie GEORGE, Plaintiff-Appellee,
v.
SHREVEPORT TRANSIT COMPANY, Defendant-Appellant.
No. 9632.
Court of Appeal of Louisiana, Second Circuit.
December 27, 1961.
Rehearing Denied January 31, 1962.
*712 Booth, Lockard, Jack, Pleasant & Le-Sage, Shreveport, for appellant.
Dimick & Hamilton, Shreveport, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Willie George, a fifty-three year old Negro man of Shreveport, Louisiana, was awarded a total of $7,062.65 against the defendant as a result of personal injuries allegedly received by him when he was struck by a trolley as he was walking along an alley in the City of Shreveport. From this judgment, defendant has appealed and plaintiff has neither appealed nor answered the appeal.
The only issues presented for consideration on appeal are factual. While the trial judge did not assign written reasons for his judgment, we assume that we have been correctly informed by counsel for appellant that the judgment below was predicated upon a finding that the accident was caused entirely by the negligence of the trolley operator and, therefore, gave no consideration to the defendant's special plea of contributory negligence, nor the doctrine of last clear chance which could necessarily only be considered upon a finding of negligence on the part of plaintiff.
From our study of the record, we find the facts to be relatively simple which we will briefly state.
At about 4:30 o'clock in the afternoon, after having visited a grocery store in the Agurs section of the city of Shreveport where he paid a small bill and made some purchases, plaintiff left in route to the nearby Salvation Army headquarters. He went to the Salvation Army in order to secure free bread, which he apparently had done often in the past. After having obtained the bread, he began walking west down a narrow alley between Spring Street and North Market Street. This alley was one way for vehicular traffic for which it was primarily used. The plaintiff was familiar with the alley and stated that he was walking in the opposite direction from which any automobiles were permitted to travel so that he could better observe their approach. As he was thus walking along the alley, he came to a lot which was used by the defendant company for the parking of its electric and diesel trolleys. He was struck by the lower rear unit of one of the electric trolleys owned by the defendant as an employee was in the process of backing same from the parking lot directly across the alley into a storage depot on the opposite side. The plaintiff was struck a severe blow and was very soon thereafter taken to the Confederate Memorial Hospital by an ambulance, and later transported to the Schumpert Hospital in the same city for treatment.
Plaintiff contends the accident was caused entirely by the negligence of the trolley operator in backing the vehicle directly across the alley when he saw, or should have seen, plaintiff in his path of travel. Plaintiff contends he was familiar with the locality and defendant's custom of parking the trolleys in the area; that he, therefore, did not consider anything unusual about having observed several such trolleys on the day of the accident; that he did not observe the vehicle backing directly across the alley toward him until it was too late for him to extricate himself from the danger. Defendant, on the other hand, contends the accident was caused entirely by the negligence of plaintiff in failing to keep a proper lookout for the trolley; that its driver kept a constant lookout to his rear by means of rear view mirrors and sounded a horn before making such backing maneuver. Another employee of the defendant, who was present on the lot at the time of the accident, testified for the defendant in an effort to corroborate the driver's version of the accident. The defendant also contends plaintiff was intoxicated at the time as evidenced by the strong smell of alcohol on his person.
*713 The question as to whose negligence caused the accident is entirely a factual matter, and in such cases the trier of facts is granted much discretion and in the absence of a finding of manifest error in his conclusions, the same will not be disturbed on appeal. Russell v. Niagra Ins. Co. (La.App. 2 Cir. 1961), 129 So.2d 545.
The primary question for decision is whether the defendant driver did all that was required of a reasonably prudent driver in backing his vehicle across the alley under the circumstances and conditions existing at the time of the accident. The law of the case is clear. It is, of course, not negligence to back a vehicle, but in so doing a motorist is charged with the duty of exercising ordinary care to see that the maneuver will not injure the person or property of others. By ordinary care is meant the degree of caution which would be observed by reasonably prudent persons under similar conditions. No hard and fast rule can be laid down beyond this for each case must stand upon its own particular facts and circumstances. Neff v. Texas Mutual Insurance Co. (La.App.Orl., 1956), 85 So.2d 703; Neyrey v. Maillet (La.App.Orl., 1945), 21 So.2d 158; Hahn v. P. Graham & Co., 148 La. 55, 86 So. 651 (1920).
From our independent study of this record, we have not been able to establish any substantial error in the findings of our esteemed brother below. We have likewise concluded that the accident was caused entirely by the negligence of the trolley operator in backing his vehicle across an alley which was customarily used by pedestrians without having kept a proper lookout. While the driver and his fellow employee gave some testimony that a proper lookout was maintained, this evidence was very conflicting and we are inclined to agree with the lower court that no such observation and care was observed.
The charge of contributory negligence leveled at the plaintiff is based primarily upon his failure to keep a proper lookout for the backing trolley. This in turn was predicated largely upon the contention that the pedestrian was intoxicated. On this point, we note the evidence of two local police officers who arrived immediately at the scene and investigated the accident. These officers were well-acquainted with plaintiff, and they were definite in their conclusion that he was entirely sober. We are satisfied that he was not intoxicated at the time of the accident, and otherwise find no merit in the claim that he was contributorily negligent.
Having reached the conclusion that the accident was caused entirely by the negligence of the defendant's trolley driver, we pretermit the discussion of the doctrine of last clear chance, which necessarily is predicated on a finding of negligence against plaintiff.
We will next consider the question of quantum. As previously stated, no written reasons were assigned by the district judge, and we have been unable to ascertain from our study of the record and the briefs submitted by the counsel how the lower court arrived at the total award of $7,062.65. However, we have concluded that the award is fully justified by the pleadings and the evidence, and in this connection, we deem it appropriate to discuss to some extent the medical testimony. At the outset, we are impressed by the fact that the accident was serious and undoubtedly caused the plaintiff excruciating pain and suffering. His right leg was broken and he also sustained numerous cuts and bruises including a severe blow to his head. When taken to Confederate Memorial Hospital, Dr. Young, for some unexplained reason, concluded the man was intoxicated and for this reason would not administer any anesthesia which was necessary in order to set his broken bones. Dr. Young, therefore, sent plaintiff to Schumpert Hospital where he was ultimately treated for his numerous cuts, abrasions, etc., and his broken leg was set and placed in a cast. In order to *714 properly align the fractures, it was necessary to place a steel pin in the leg. Plaintiff was in the hospital for an extended period of time and was finally discharged as having reached his maximum recovery. Dr. Young, the treating physician, an orthopedist, testified that he should have little, if any, permanent disability to his right leg. Dr. King, an orthopedist who testified for the plaintiff, was of the opinion that he would have some permanent disability which he estimated to be 10% of his leg. At the time of the trial, which was approximately fourteen months following the accident, the plaintiff was still suffering and was unable to work. The Steel pin was still in his leg and it was the concensus of both medical experts that this should be removed.
In connection with the demands for special damages, we find the following items to have been either conclusively proved or stipulated:

1. Hospital bills-----------$562.65
2. Amounts owed Drs. King
 and Young---------------- 590.00
3. Estimated cost of future
 removal of steel pin----- 200.00

In addition to the above items, the plaintiff, in his petition, asks for other items, including the sum of $1575 for loss of wages. We are unable to conclude whether the lower court included an award for any of such items in its total award. However, the record convinces us that the plaintiff earned a minimum of $15 per week doing yard work, odd jobs and seasonal farm work, and that he is entitled to a minimum of $900 for loss of such wages. It can thus be seen that the plaintiff is entitled to recover a minimum of $2252.65 as special damages. We feel an award of $5000 for the personal injuries would not be excessive. As such total award would exceed the judgment appealed from, we will not, therefore, discuss any of the other special damages sought, and as the plaintiff has not answered the appeal, the judgment cannot be increased.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
Affirmed.