SAVOY, Judge.
This is an action ex delicto filed by plaintiff against defendant, Frank Beaugh, and his liability insurer, Great American Insurance Company, for property damage and personal injury resulting from an accident which occurred between a truck driven by Frank Beaugh and an automobile owned by plaintiff, on July 17, 1960.
For a cause of action, plaintiff alleged that on the morning of July 17, 1960, he attended Mass at the Sacred Heart Catholic Church in Ville Platte, Louisiana; that *181 prior to entering the church he parked his automobile in the parking lot. Shortly after the church services, he entered his car, and while in the process of starting the motor, his car was struck by the rear end of a pick-up truck owned and driven by Frank Beaugh, one of the defendants. Petitioner alleged further that as a result of the accident, he suffered personal injuries and property damage to his vehicle.
Defendants filed a general denial and stated that the sole cause of the accident in the instant case was the negligence of plaintiff in driving his car into the rear of the truck owned by Frank Beaugh, which truck had stopped to allow other traffic to enter the parking lot. Defendants alleged further that any injury to plaintiff’s back pre-existed the date of the collision and was not caused or aggravated by same.
After a trial on the merits, judgment was rendered in favor of the defendants, and plaintiff has appealed to this Court.
Since there are two (2) types of damages sued for, namely, property damage to plaintiff’s car, and personal injury to himself, we will discuss the issues separately.
The record reveals that plaintiff and defendant, Beaugh, attended early morning Mass at the Catholic church in Ville Platte, Louisiana, on July 17, 1960, and that each used the church parking lot adjacent to the church. The evidence also’ reveals that Beaugh backed his truck a short distance and struck the front end of plaintiff’s automobile. This was verified by plaintiff and one Burney Daigle, a disinterested witness.
Defendant, Beaugh, testified that he did not know how the accident occurred.
After the accident, the vehicles were hooked together and several persons attempted to help free the bumpers of the vehicles.
It was stipulated at the trial in the lower court that the property damage to the plaintiff’s car was the sum of $102.00.
The lower court, in its written reasons for judgment, did not mention the property damage incurred by the plaintiff. We are of the opinion that the negligence of defendant, Beaugh, in striking plaintiff’s car with his truck was the proximate cause of the accident, and that plaintiff is entitled to recover for the damages to his car in the sum of $102.00.
The next and most serious question in this case is whether there was a causal connection between the accident, involving the truck driven by Beaugh and the car owned by Thompson, and the injury complained of by plaintiff.
The evidence reveals that shortly after the accident in question, plaintiff had someone take him to a restaurant in Ville Platte where he met several friends, and they proceeded to plaintiff’s home to change clothes and then went to the Country Club for a pre-arranged game of golf. Plaintiff played several holes of golf and fell to the ground several times, stating that his legs had given way on him. He stopped playing golf shortly thereafter while the other members of the party continued for the regular eighteen holes.
The record reveals that Dr. Thompson loved to play golf and played approximately three times a week before the July 17, 1960, incident, and played golf many times after that until his operation in July, 1961. The record also reveals that he had ordered a golf cart before July 17, 1960. As mentioned before, shortly after the July 17, 1960, incident, plaintiff played golf on the same day, and did not mention to his friends that he had hurt his back.
After the incident of July 17, 1960, plaintiff was injured in an automobile accident on June 25, 1961, and was admitted to the hospital for treatment, where he remained for approximately three (3) days.
Plaintiff was examined by numerous specialists, namely, Drs. Charles V. Hatchette, William Louis Meuleman, Lyon K. Loomis *182 and D. M. Kingsley, orthopedic surgeons; and, Dr. John D. Jackson, neurosurgeon.
Dr. Charles V. Hatchette testified for plaintiff and stated that he examined plaintiff on August 15, 1960, and had seen him previously on July 10, 1958, for an acute lumbosacral strain from which plaintiff had recovered. It was Dr. Hatchette’s opinion that the injury of July 17, 1960, had resulted in probable slippage of the apophyseal facets at the L4 and L5 level in his low back region, and he suggested that plaintiff submit to a spinal fusion. On July 3, 1961, the plaintiff was operated on by Dr. Hatchette and the doctor found the fifth lumbar vertebra to be rather unstable, and that the operation stabilized the vertebra which had been causing the low back discomfort. Dr. Hatchette recommended that plaintiff wear a brace for six to nine months until the bone graft had become solid.
Dr. William Louis Meuleman examined plaintiff on October 5, 1960. He could not account for plaintiff’s complaints. He felt that the incident of July 17, 1960, had not caused the condition of which plaintiff complained.
Dr. Lyon K. Loomis examined plaintiff on December 14,1960. He felt that plaintiff had a lumbar lordosis. It was his opinion that this condition was not due to injury, but was due to postural defects or developmental defects.
Dr. John D. Jackson examined plaintiff on April 4, 1961. He found plaintiff suffering from irritation of the left SI nerve root due to probably protruding L5-S1 intervertebral disc, which irritated the SI nerve when plaintiff would flex his spine. He did not express an opinion as to whether the condition arose from or was aggravated by the accident of July 17, 1960.
Dr. D. M. Kingsley examined plaintiff on February 8, 1961. He could not explain plaintiff’s complaints and noted that plaintiff was involved in a more serious accident on June 25, 1961, than that of July 17, 1960.
The medical evidence also shows that plaintiff had had a weak back due to a postural defect which is congenital in nature, and we agree with the trial judge’s holding that plaintiff has not shown a causal connection between his back trouble and the accident of July 17, 1960.
We likewise agree with the trial judge that plaintiff has not shown by a preponderance of the evidence that his condition was aggravated by the accident.
For the reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff, Robert B. Thompson, and against defendants, Frank Beaugh and Great American Insurance Company, in the sum of $102.00, with interest at the rate of 5% per annum from date of judicial demand until paid, and for all costs of court, in the district court and on appeal.
Reversed and rendered.