FRUGÉ, Judge.
This is an action for personal injuries brought by Mrs. Martha M. Clingman and her husband against Millerville Mud Sales Inc. and its insurer, the American Hardware Mutual Insurance Co., for injuries to Mrs. Clingman, her medical and hospital expenses, and for damages to the Clingman automobile. The above injuries and damages were the result of an intersectional automobile accident which occurred on February 2, 1961, between a vehicle being operated by Mrs. Clingman and a vehicle owned by Millerville Mud Sales, Inc. and operated by Clifton Fontenot. From a judgment in the lower court rejecting plaintiffs’ demands they have appealed.
Plaintiff’s automobile, which she was driving south on Louisiana Highway 91, struck a flat bed truck driven by Clifton Fontenot. Immediately preceding the collision, Clifton Fontenot had also been proceeding in a southerly direction on Louisiana Highway 91 when he executed a right turn onto Louisiana Highway 98 and came to a stop in preparation to turn around. There is a yield right-of-way sign located on the southwest corner of such intersection which faces vehicles traveling in an easterly direction on Louisiana Highway 98. At the moment of impact the truck operated by Fontenot was proceeding to back unto Louisiana Highway 91.
There is disagreement as to whether or not plaintiff was operating her vehicle in excess of the speed limit. Plaintiff testified that she was traveling within the speed limit (25 miles per hour). However, there is testimony that plaintiff was exceeding the speed limit by 15 to 25 miles per hour. In addition, plaintiff testified that she first saw the truck operated by Fontenot when she was approximately 200 feet from the point of collision and realized that the collision could not be avoided when she was a distance of 100 feet from the intersection.
The trial court concluded that Fontenot was unquestionably guilty of negligence. With this finding of the trial court we are in full accord. An unusual degree of care is required of motorists who back vehicles into a favored highway. The stopping before entering a right-of-way thoroughfare discharges but half the duty imposed upon a motorist, and such action must be followed by careful observance of traffic conditions on the right-of-way thoroughfare and no entry thereon should be made unless conditions clearly warrant it. Josey v. Granite State Fire Insurance Company, La.App., 122 So.2d 303; McMorris v. Webb, La.App., 67 So.2d 146.
Defendants urge that the plaintiff was guilty of contributory negligence as a defense to recovery. The trial court, relying on the testimony of three witnesses, Mr, Fisher and Mr. and Mrs. Andrepont, found as a matter of fact that the plaintiff was driving at least 15 miles per hour in excess of the speed limit. Furthermore, the record contains testimony that plaintiff observed and realized the predicament of the driver of the truck at a distance of 200 feet from the point of collision.
 While it is undoubtedly true that one who is driving along a right-of-way thoroughfare need not stop for every inti r- *242 section, it does not follow that once a dangerous situation is observed or should be observed that the driver is under no duty to take steps to avoid the perilous condition. The record discloses that plaintiff did not attempt to slow her automobile until immediately before the collision, although she knew that the driver of the truck was not going to yield the right-of-way. It is our opinion that had plaintiff not been driving in excess of the speed limit, she would have been able to avoid the accident. This excessive speed and failure to slow her vehicle was contributory negligence which was the proximate cause of the collision. Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535; Gerrets v. Reed, La.App., 99 So.2d 408; St. Paul Fire & Marine Insurance Co. v. Mason, La.App., 92 So.2d 311.
Learned counsel for plaintiff argues that the recent Supreme Court decision, Dixie Drive It Yourself System, New Orleans Company, Inc. v. American Beverage Company et al., 242 La. 471, 137 So.2d 298, is controlling under the facts of the case at bar and that under the holding of that case the plaintiff should be allowed recovery.
As we understand the Dixie Drive It decision, it holds that the doctrine of passive negligence is not recognized in Louisiana law to defeat the claim of an innocent tort victim. Certainly it does not stand for the proposition that once the defendant is found negligent all subsequent or concurrent actions on the part of the plaintiff must be disregarded in determining whether or not a plea of contributory negligence will bar recovery of the plaintiff. By no stretch of the imagination can we conclude that this decision holds that the concept of contributory negligence is no longer recognized in Louisiana law.
For the reasons herein set out, therefore, the judgment of the trial court is affirmed. Plaintiffs-appellants are condemned to pay all costs of this appeal.
Affirmed.