163 So.2d 587 (1964)
Eugenia Ann ROY et vir, Plaintiffs-Appellants,
v.
UNITED GAS CORPORATION et al., Defendants-Appellees.
No. 1124.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1964.
Rehearing Denied May 19, 1964.
Writ Refused June 30, 1964.
*588 Porter, Scofield & Cox, by James J. Cox, Lake Charles, for plaintiffs-appellants.
*589 Plauché & Stockwell, by Oliver P. Stockwell, Lake Charles, for defendants-appellees.
Before TATE, FRUGÉ, and SAVOY, JJ.
TATE, Judge.
A motorist, Mrs. Roy, was involved in a collision between her automobile and a truck owned by United Gas. The plaintiff motorist and her husband sued United Gas and its liability insurer for the damages thereby sustained. The plaintiffs appeal from the trial court's dismissal of their suit upon a holding that their recovery is barred by Mrs. Roy's contributory negligence.
The principal question of this appeal concerns whether Mrs. Roy's conduct constituted contributory negligence under the facts of this case.
The collision occurred when both vehicles backed into one another on a public street. As to the general duty of backing motorists: "The backing of a motor vehicle is not in and of itself negligence, whether the backing takes place on a public highway or street, or from private property into a public highway or street, or entirely on private property. However, in backing his vehicle, a motorist has the duty of exercising at least ordinary care under the circumstances to avoid injury to the person or property of another." 8 Am.Jur.2nd "Automobiles and Highway Traffic", Section 789, p. 348.
The Facts.
The collision occurred at about 8:30 in the morning on Alamo Street, a heavily travelled city thoroughfare of Lake Charles, which runs east-west. The plaintiff Mrs. Roy lived on the north side of Alamo. The collision occurred towards the southern edge of the roadway, as she was backing her car from her home driveway into this south (eastbound) lane of the street, in order to pull forward and then drive easterly to work.
Immediately prior to Mrs. Roy's backing, a United Gas pickup truck had turned south from Alamo into Fiske Street, a shelled side-street which dead-ended into the south side of Alamo and thus made a T-intersection with it. The collision subsequently occurred when this truck rolled backwards from Fiske into Alamo and struck the Roy vehicle which was then backing in Alamo.
The surface of Fiske Street was elevated about two feet above the level of Alamo. Entrance onto Alamo from this side-street was inhibited by stop-signs. Fiske ended on the south side of Alamo; it was almost directly across the street from Mrs. Roy's driveway, although the Roy driveway was actually a little east of Fiske, with the driveway west line being almost even with the east line of Fiske.
When the United Gas truck turned at slow speed into Fiske Street, its motor began to stall on the slight incline. In an effort to prevent the engine from stopping, the truck's driver attempted to shift into low gear, permitting the truck to roll backward into Alamo Street (the driver explained: "I rolled back more than what I expected to", Tr. 110), where the left edge of the truck rear bumper collided with the center of the rear bumper of the Roy car.
At the time of the impact, Mrs. Roy's vehicle was still slightly angled northward, but was facing almost due eastthat is, it was almost straightened in the south lane to face east (or front). Mrs. Roy estimated that, at the impact, "the front left fender of the car was still possibly in the other [north] lane". Tr. 155. See Tr. 124. The United Gas driver estimated that the vehicles struck one another 6-8 feet from the south edge of Alamo, while Mrs. Roy and her husband felt that the impact occurred somewhat closer to the south edge.
Since both vehicles were proceeding very slowly, there was a relatively slight impact, although the truck did roll into the Roy automobile with sufficient force to bend the latter's frame. Both vehicles stopped immediately, *590 the truck's driver braking almost simultaneously with the collision.
Neither driver saw the other backing before the impact.
Prior to backing from the edge of her driveway onto Alamo Street, Mrs. Roy had carefully checked for oncoming traffic from either direction. There being none, she commenced backing across the north lane and into the south lane of Alamo. Prior to her own entry into Alamo, she had seen the United Gas truck turn into Fiske Street; by her final check before entering Alamo, from her driveway's edge, she had seen that the truck was completely upon Fiske Street, stopped (as she thought). Tr. 122, 125, 168, 171, 172.
After she commenced backing southerly towards the west, Mrs. Roy's lookout was concentrated for traffic approaching down Alamo from the east or the front of her car. She no longer checked for traffic from the west or rear because "I had already checked the west", Tr. 154, before commencing to back, and she had seen no traffic approaching from that direction.
The collision must have occurred within a very few seconds after Mrs. Roy commenced to back, since the rear of her car had not crossed the width (36 feet) of Alamo Street at the time of the impact. Since Mrs. Roy glimpsed the United Gas truck apparently "stopped" as she commenced to back, it is probable that the truck commenced rolling backward from its position at the top of the incline up on Fiske Street, at about the same time as Mrs. Roy backed from the edge of her driveway into Alamo.
Negligence of the United Gas driver.
There is no doubt whatsoever that the driver of the United Gas pickup truck was grossly negligent. He permitted his truck to roll backwards from the sidestreet into the right-of-way thoroughfare, and he made no effort to brake his vehicle to prevent an imprudent entry therein, nor the slightest observation as to whether his hazardous backing onto the main street might endanger those rightfully thereon. "An unusual degree of care is required of motorists who back vehicles into a favored highway. The stopping before entering a right-of-way thoroughfare discharges but half the duty imposed upon a motorist, and such action must be followed by careful observance of traffic conditions on the right-of-way thoroughfare and no entry thereon should be made unless conditions clearly warrant it." Clingman v. Millerville Mud Sales, Inc., La.App. 3 Cir., 146 So.2d 240, 241. See also: 60 C.J.S. Motor Vehicles § 345b., p. 806; 8 Am.Jur.2d "Automobiles and Highway Traffic", Section 793, p. 352.
Contributory negligence of Mrs. Roy, the plaintiff motorist.
Able counsel for the appellees suggests that for the identical reason Mrs. Roy was also negligent in colliding with the United Gas truck as she backed into Alamo Street.
We do not agree. As we shall discuss below in more detail: Before Mrs. Roy commenced backing onto Alamo Street, she had made careful observation and found no traffic in sight; she was not at that time required to anticipate that the United Gas truck, drawn up in Fiske Street, would back into Alamo from that side-street without warning and thus violate the right of way of traffic on Alamo Street. One entering a public road from a private driveway is entitled to do if "it should appear to a reasonably prudent person that the entry can be made in safety and without obstructing the passage of traffic from either side". Jones v. Travelers Ins. Co., La.App. 3 Cir., 149 So.2d 441, 443.
Unlike the United Gas truck driver, Mrs. Roy made her entry at a time when, to all reasonable appearances, she created no hazard to oncoming or other traffic. She was struck by the truck a few feet after its sudden entry onto the through street, and after she had negotiated its width and had almost *591 straightened to proceed forward. Although the United Gas driver's backing into the intersection, by itself, constituted negligence under the circumstances, Mrs. Roy's own entry was not negligent.
Nevertheless, and this is the substantial remaining question of this appeal, did Mrs. Roy's failure to maintain a lookout as she backed constitute contributory negligence, as held by the trial court?
The plaintiffs-appellants' able counsel principally argues: (1) that, under the facts of this case, it was not negligent for Mrs. Roy to cease for a few moments to observe to her rear (from which direction no traffic was approaching, as she had previously observed), while she concentrated her attention to her front and from the direction in which traffic might approach as she crossed the north lane; and (2) that, even if it be considered negligent, such failure to look to the rear was not a proximate cause of the present accident, where in violation of Mrs. Roy's right of way a truck suddenly rolled from the side-street and struck her just as she was completing her backing turn, because she could not reasonably have seen the truck entering Alamo in time to have avoided the collision.
We think that there is merit in these contentions. After a study of the Louisiana jurisprudence, we have become convinced that our learned trial brother committed error of law in holding that, under the virtually undisputed facts of this case, Mrs. Roy was negligent by violating a duty to observe the United Gas truck to her rear. That is, accepting the trial court's evaluation of the facts as correct, we conclude that it erred as a matter of law in holding that Mrs. Roy's lack of lookout in the circumstances constituted contributory negligence which was a proximate cause of the accident.
An analysis of the recent Louisiana decisions holding that a backing driver was deficient in lookout, shows that they fall into the following main categories:
(1) Where the backing driver, entered a right-of-way thoroughfare from a private driveway or a side-street, and struck traffic approaching on the right-of-way thoroughfare: Clingman v. Millerville Mud Sales, Inc., La.App. 3 Cir., 146 So.2d 240; George v. Shreveport Transit Co., La.App. 2 Cir., 136 So.2d 711 (pedestrian); Bradley v. New Amsterdam Cas. Co., La.App. 4 Cir., 126 So.2d 798; Josey v. Granite State Fire Insurance Co., La.App. 2 Cir., 122 So.2d 303; Turner v. Southern Farm Bureau Cas. Ins. Co., La.App. 2 Cir., 91 So.2d 436; Johnson v. Whitfield, La.App. 1 Cir., 89 So.2d 413; Richard v. Traders & General Ins. Co., La.App. 1 Cir., 62 So.2d 533; Wright v. State Farm Mut. Auto. Ins. Co., La.App. 1 Cir., 57 So.2d 767 (bicyclist struck); Honeycutt v. Carver, La.App. 1 Cir., 25 So.2d 99.
(2) Where the backing driver struck a pedestrian in his path whom he had failed to observe or to take precautions to avoid striking: Hazleton v. Watson, La.App. 2 Cir., 116 So.2d 733; Hartford Accident & Indem. Co. v. Fidelity & Cas. Co., La.App. 1 Cir., 98 So.2d 292 (pedestrian's compensation insurer's subrogation claim); Neff v. Texas Mut. Ins. Co., La.App.Orl., 85 So.2d 703; Bush v. Williams, La.App. 1 Cir., 74 So.2d 335; Robichaux v. Toye Bros. Yellow Cab Co., La.App.Orl., 61 So.2d 264; Neyrey v. Maillet, La.App.Orl., 21 So.2d 158.
(3) Where a motorist backed from the side or another lane of the through street, into a travelled lane of the thoroughfare and caused the collision of a motorist rightfully approaching therein: Broussard v. American Ins. Co., La.App. 3 Cir., 127 So. 2d 587; Foster v. Fidelity Mut. Ins. Co., La.App. 1 Cir., 118 So.2d 139; Bryant v. Parr, La.App.Orl., 86 So.2d 115.
(4) Where the backing vehicle struck another on a parking lot: Thompson v. Beaugh, La.App. 3 Cir., 142 So.2d 180; Valentine v. J. D. Marcom Service and Supply Co., La.App. 2 Cir., 128 So.2d 218. (In this sort of situation, of course, neither party usually has the right of way.)
*592 In summary, in all of the cases cited above, the lack of lookout of the backing driver was held to constitute negligence. There is, however, one important generic difference between the present case and all of those cited above: In none of the cited cases, did the backing driver have the superior right to proceed over the object which he struck; in all of them he backed from an unfavored position, with respect to the object he struck, while the latter was legally entitled to proceed into or to be in the place where struck.
The present facts are entirely different: The present backing driver, plaintiff herein, lawfully entered upon a travelled lane of the right of way thoroughfare, after first having made careful observation; she collided with, not a right-of-way motorist, but one who backed with gross negligence from the side-street onto the right-of-way street upon which the plaintiff had lawfully completed her entry. While under the cited cases the plaintiff might have been negligent with regard to another vehicle or a pedestrian rightfully on the public street into which she backed from her driveway, the cited cases are not authority that the plaintiff owed the same strict duty of lookout as to traffic which entered suddenly to her rear from a side-street, despite such inferior traffic's duty to yield the right of way to vehicles on the through street upon which the plaintiff was backing.
If the present plaintiff had been driving forward and had been approaching the intersection on the right of way street, she would have been under no duty to anticipate that a vehicle would back from the sidestreet in her path, see cases cited above, especially Josey, 122 So.2d 303, Wright, 57 So.2d 767, and Honeycutt, 25 So.2d 99; nor did the mere fact that she saw the United Gas truck stopped up the sidestreet require her continued lookout in anticipation that the truck might commence backing into her right of way path, see cases cited above, especially Foster, 118 So. 2d 139, Bush, 74 So.2d 335, and Robichaux, 61 So.2d 264. (However, if as a right-of-way driver approaching the intersection, she had seen or should have seen that the truck was going to back into her path from the side-street in time to avoid the collision, her failure to stop or slow could have constituted contributory negligence barring her recovery, see above-cited Clingman case, 146 So.2d 240.)
Under the present circumstances, would the plaintiff's recovery be barred because she was backing instead of going forward at the time that the other vehicle negligently rolled into the right-of-way street into her immediate path? We think not.
In the first place, the plaintiff motorist is not negligent simply because she struck something while backing. Hahn v. P. Graham & Co., 148 La. 55, 86 So. 651. As stated in George v. Shreveport Transit Co., La.App. 2 Cir., 136 So.2d 711, 713: "It is, of course, not negligence to back a vehicle, but in so doing a motorist is charged with the duty of exercising ordinary care to see that the maneuver will not injure the person or property of others. By ordinary care is meant the degree of caution which would be observed by reasonably prudent persons under similar conditions. No hard and fast rule can be laid down beyond this for each case must stand upon its own particular facts and circumstances. * * * [Citations omitted.]"
We must therefore examine the circumstances of each backing accident, since the conduct, which is negligent in one situation, is not necessarily so under an entirely different set of facts.
Thus, while it is stated that "[a]n unusual degree of care is required of motorists who back vehicles into a favored highway", Clingman v. Millerville Mud Sales, Inc., cited above, at 146 So.2d 241, see also Josey v. Granite State Fire Insurance Company, cited above, at 122 So.2d 306, it will be seen by examination of sources upon which this rule is based that its basic purpose is to protect the right of way of vehicles approaching upon the favored *593 street. A backing motorist under this rule may be negligent for failing to observe traffic approaching on the right-of-way street in time to interfere with its passage; but, as will be shown, the motorist is not held to the same strict duty to observe traffic which negligently enters her path and which she could not reasonably foresee might do so.
Again, the trial court held that Mrs. Roy as a backing motorist "had the duty to observe any vehicle" immediately to her rear "during the entire process of backing", which it was held she violated by not seeing the United Gas vehicle roll into her path. This rule of liability was based upon a statement in Valentine v. J. D. Marcom Service and Supply Co., La.App. 2 Cir., 128 So.2d 218, to the effect that the backing motorist (therein) was under a duty to maintain a constant lookout to his rear. However, in the cited case, the driver was backing within a parking lot from a parked position; he was backing towards the lot entrance, into which traffic might be expected to enter, without any lookout for traffic to his rear.
The constant lookout to the direct rear required in those circumstanceswhere the only moving traffic reasonably to be expected was to the rear of the backing vehicle (in front of it there was a parked car), and where neither vehicle enjoyed any right of way, so that both were under an identical duty of lookout, does not measure the standard of duty of the backing motorist required under the present vastly different circumstances. For herein, the backing motorist might reasonably be under a strict duty to observe traffic from both her front and her rear approaching along the right-of-way street, but not so as to traffic entering from the side-street to her right as she was backing: she was entitled to some extent to rely upon no motorist entering from the side-street without first making observation and yielding the right of way to motorists rightfully upon the superior thoroughfare.
As stated by our Supreme Court in Brown v. Liberty Mut. Ins. Co., 234 La. 860, 101 So.2d 696, 698, "* * * whether or not fault exists depends upon the facts and circumstances in each particular case. In determining fault, a common-sense test is to be appliedthat ishow would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable dangers confronting the alleged wrongdoer." (Emphasis ours.)
Again, as we recently stated, negligence is "`conduct which creates an undue risk of harm or injury to others; the failure to use such care as is necessary to avoid a danger which should and could have been anticipated.'" Larned v. Wallace, La.App. 3 Cir., 146 So.2d 434, 437. (Italics ours.)
With regard to Mrs. Roy's duty under the present facts, we find the present situation to be generically similar to that in Thomas v. Checker Cab Co., 229 La. 1079, 87 So.2d 605. There, our Supreme Court held that one may enter into and proceed across a right-of-way street if reasonable observation indicates that such is safe; that one is entitled to assume that other motorists in the rear will not be operating their vehicles negligently; and that one is not negligent for failing to anticipate the highly-negligent approach of another vehicle across one's path. See also such right-of-way cases as McDonald v. Bramel, La.App. 2 Cir., 147 So.2d 68, Central Louisiana Electric Co. v. Hodges, La.App. 3 Cir., 137 So.2d 132, Hilton v. Bankers Fire & Marine Ins. Co., La.App. 3 Cir., 134 So.2d 82, and McCoy v. State Farm Mut. Auto. Ins. Co., La.App. 3 Cir., 129 So.2d 66.
We must remember that the defendant has the burden of proving all facts necessary to establish that the plaintiff's lack of lookout constituted contributory negligence under the circumstances of this *594 case. Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 465.
With regard to the present facts, we are unable to hold that the defendants have proved that a proximate cause of the accident was any violation by the plaintiff Mrs. Roy of any duty of lookout owed by her to the defendants' truck which negligently backed into her path from the side-street.
Before backing into Alamo Street, Mrs. Roy had herself carefully checked for traffic coming from both directions, and she had further seen the United Gas truck drawn up into the side-street, apparently stopped. She was not required to anticipate that this vehicle would roll back from the side-street into the travelled surface of Alamo Street; nor that any other traffic would enter Alamo without having stopped, made observation, and yielded the right of way to any traffic lawfully proceeding thereon, such as herself.
It is further to be remembered that only a few seconds elapsed between the accident and the time Mrs. Roy commenced to back in a southwesterly direction into and across Alamo Street; that her primary duty was to guard for traffic approaching on that heavily travelled thoroughfare (as to which she had checked for traffic to the west at the time of her entry and had seen none coming, and was checking to the east at the time of the accident as she prepared to go in that direction); and that the accident happened near the south (or Fiske Street) side of Alamo, the latter circumstance indicating that the slowly-rolling United Gas pickup truck collided with the slowly-backing Roy vehicle almost immediately in time after the truck rolled into Alamo Street. Also, at the angle at which Mrs. Roy was (lawfully) backing across the north lane and into the south lane, it is highly unlikely that from her rear-view mirror she could have seen the United Gas truck backing from her right-rear into her path more than an instant before the collision.
Considering all of these circumstances, and under the facts of this caseincluding especially Mrs. Roy's reasonable entry upon the right-of-way Alamo Street, the unforeseeable nature of the subsequent negligent entry onto it by the United Gas truck from a side-street, Mrs. Roy's greater duty to observe for Alamo Street traffic than for traffic coming from the side thereof, the momentary nature of her failure to observe further to her rear, the relative suddenness (in time prior to the impact) of the backing by the United Gas truck towards and into her path, we conclude, as in Deshotels v. Southern Farm Bureau, cited above, "that defendants have failed to discharge the burden imposed upon them by law to establish the contributory negligence of the plaintiff, for they have not shown that plaintiff could have seen defendant approaching in time to avoid the collision under the facts of this case." 156 So.2d 468.
Quantum.
As a result of the accident, Mrs. Roy suffered a moderately severe cervical sprain, producing acute pain at the time, and gradually decreasing neck pain-symptoms and frequent, almost daily headaches, for a period ending about eight months after the accident. Some ten months after the accident, there was a temporary recurrence or flare-up of the symptoms, with objective manifestations, which were present at the time of trial approximately eleven months after the accident. Mrs. Roy had worn a neck-brace for a month after the accident, and then was required to undergo cervical traction daily for a period of several months thereafter. On the whole, Mrs. Roy's condition has progressed towards cure without residual. We think that an award of three thousand dollars will be fair for her personal injuries. See Cassreino v. Brown, La.App. 4 Cir., 144 So.2d 608, and comparable awards cited therein.
Mrs. Roy also seeks recovery for menstrual difficulties, the onset of which allegedly coincided with the accident, about *595 which she did not consult her family physician until some six months afterwards. Her family physician stated that her difficulties were a common female complaint, and that it would only be a "guess" whether there was any causal relationship between the complaints and the accident. We do not believe that the plaintiff sustained her burden of proving any causal relationship between the accident and her menstrual difficulties.
Mrs. Roy's husband is co-plaintiff herein to recover certain special damages proved to have been sustained as a result of the accident, $514.07 (including damage to the Roy automobile, $271.71, and the medical expenses, $242.36, including X-rays, examinations and treatment by the orthopedist, and medications and orthopedic paraphernalia prescribed by this specialist). There was insufficient itemized proof regarding any future medical expenses such as to justify an award for this item.
Decree.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiffs' suit is reversed; it is further ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Mrs. Eugenia Ann Jefferson Roy, and against the defendants, United Gas Corporation and the Continental Casualty Company, holding them liable to her jointly, severally, and in solido in the full sum of Three Thousand ($3000) Dollars, together with legal interest thereon from date of judicial demand until paid; and it is further ordered, adjudged, and decreed that there be judgment in favor of the co-plaintiff, Lynn H. Roy, and against the said defendants, holding them liable to him in the full sum of Five Hundred Fourteen and 07/100 ($514.07) Dollars, together with legal interest thereon until paid. The defendants are cast with all costs of these proceedings and of this appeal.
Reversed and rendered.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.