SAVOY, Judge.
This is an action in tort filed by Clarence Richard, individually, and by Mrs. Clarence Richard, individually and as administratrix of her minor son, Melton Vincent, Jr., against Rousseau Burney, his wife, Mrs. Mabel C. Burney, and their insurer, Bankers Fire &. Marine Insurance Company, seeking property damage, medical expenses, and general damages for injuries sustained by young Vincent. Prior to the trial Vincent became emancipated by virtue of his marriage, and he was substituted as a party plaintiff. After a trial in the district court *405 there was judgment in favor of Clarence Richard for special damages, and in favor of Melton Vincent, Jr. for medical expenses and for physical injuries. The judgment was rendered against the defendants in soli-do. Defendants appealed.
The instant suit arose out of a collision which occurred between a vehicle owned by Rousseau Burney and driven by Mabel C. Burney, and a vehicle owned by Clarence Richard and driven by Melton Vincent, Jr.
The accident occurred on St. Ann Street in the City of Lafayette, Louisiana, on the morning of August 15, 1965.
The record reveals that St. Ann Street runs in an east-west direction and is a two-way black-topped street. Shortly before the accident Mabel C. Burney was backing her vehicle, located in her driveway and on the north side of St. Ann Street, into the street whereas the rear wheels of the vehicle being driven by Vincent were situated on the street curb on the south side of St. Ann Street and somewhat to the east of the Bur-ney driveway. As Mrs. Burney was backing her vehicle, she struck the rear of the vehicle driven by Vincent.
The evidence is conflicting as to what actually occurred shortly before the accident.
Mrs. Burney and her daughter, a passenger in the Burney vehicle, both testified that prior to Mrs. Burney’s backing her car into St. Ann Street, they saw the vehicle driven by Vincent, and it was stationary. The next thing they knew, the collision occurred. Vincent and his wife (they were not married at the time of the accident) testified that they saw the Burney vehicle backing out of her driveway, and that shortly before this they had gotten into their car for the purpose of getting ice; that Vincent started the car motor, shifted into reverse and moved the car backward until the rear tires were at the curb. They then saw the Bur-ney vehicle coming towards them, and Vincent blew his horn three times. Then the collision occurred.
The trial judge, in his reasons for judgment, had this to say about the accident:
“ * * * Melton Vincent, Jr. was in a Cadillac automobile owned by Clarence Richard. He had as a passenger with him, Glyndia Trahan. His automobile was located in the yard of the residence of Woodley Trahan situated on the south side of St. Ann Street and a little to the east of the Burney residence. Melton Vincent, Jr. had started his automobile preparatory to backing from the yard and his automobile was situated so that its rear end, the trunk portion, was hanging over the curb. However, the wheels of his vehicle had not left the curb and entered onto the street. He observed Mrs. Burney backing and coming across the street towards him and he blew the horn. However, she apparently did not hear him and backed into the rear of the Cadillac vehicle. * * *.
jfc * J(c * ífc *
“The court is of the opinion that Mrs. Burney was guilty of negligence in backing her vehicle completely across the street and into the Cadillac automobile. The court viewed the scene and is of the opinion that Mrs. Burney could have completed her maneuver without the necessity of making use of the entire street. The court does not feel that Vincent was guilty of contributory negligence.”
There is no doubt that defendant driver was negligent in the instant case. For defendants to defeat the action, they must rely on contributory negligence. Anyone pleading contributory negligence has the burden of proof. Defendants have not shown that Vincent did or failed to do anything which caused Mrs. Burney to back completely across the street into him.
Counsel for defendants rely principally on the case of Roy v. United Gas Corporation (La.App., 3 Cir., 1964), 163 So.2d 587. This case is distinguishable from the instant case in that plaintiff was backing into a favored *406 street, whereas the employee of defendant gas corporation backed from an inferior street marked by a Stop sign without stopping at the street edge. In the instant case both vehicles were actually on private property, therefore, neither party was in a favored position. Both were obliged to use ordinary care and caution.
We agree with the trial judge that Vincent was not negligent under the circumstances of this case.
Counsel for appellants contends that the award of $1,500.00 in favor of Vincent is excessive. The medical evidence reflects 'that plaintiff suffered a strain of the posterior muscles of the neck. Plaintiff had an uneventful recovery.
In view of the recent decisions of our State Supreme Court, we cannot say that the trial judge abused the great discretion vested in him and will not disturb the award made by him.
For the reasons assigned, the judgment of the district court is affirmed at defendants’ costs.
Affirmed.